IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLY R.,[1]

                Plaintiff,

      v.

ANDREW M. SAUL, Commissioner of Social Security,

                Defendant.

Case No. 3:18-cv-01632-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

      This matter comes before the Court on Kimberly R.'s ("Plaintiff") motion pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for reimbursement of attorney's fees she incurred in litigating this case. The Commissioner of the Social Security Administration ("Commissioner") opposes Plaintiff's application in part, on the ground that "the attorney's fees requested are unreasonable under the facts of this case." (Def.'s Resp. to Pl.'s Mot. for Fees ("Def.'s Resp.") at 1-2.) For the reasons explained below, the Court grants in part and denies in

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

part Plaintiff's motion for EAJA fees, and awards Plaintiff EAJA fees in the amount of $4,839.15.

## BACKGROUND

Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. She alleged that her ability to work was limited by fibromyalgia, irritable bowel syndrome, depression, anxiety, migraines, urinary problems, and injuries to her hand, leg, and ankle. An Administrative Law Judge ("ALJ") concluded that Plaintiff had the residential functional capacity ("RFC") to perform a modified version of sedentary work, and that there were jobs existing in sufficient numbers in the national economy that Plaintiff could perform. The ALJ therefore concluded that Plaintiff was not disabled and denied her application for benefits.

Plaintiff timely appealed to federal court. On appeal, Plaintiff argued that the ALJ erred by failing to provide legally sufficient reasons for discounting Plaintiff's testimony and the opinion of Plaintiff's treating physician. Plaintiff also argued that if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand.

In response to Plaintiff's arguments, the Commissioner filed a motion to remand, in which he (1) acknowledged that the ALJ "erred in evaluating evidence in determining that Plaintiff was not disabled" and the ALJ's decision was "not supported by substantial evidence," (2) argued that the Court should not remand for an award of benefits given the state agency consultants' "conflicting medical opinions," the ALJ's "adverse credibility finding," and record evidence that created "serious doubt" about whether Plaintiff was disabled, and (3) asked the Court to remand for further proceedings so the ALJ could, among other things, "reevaluate the opinion evidence," reassess Plaintiff's RFC, and hold a "new hearing." (Def.'s Mot. Remand at

PAGE 2 – OPINION AND ORDER

1-2, 5-9.) Plaintiff responded by filing a reply brief, in which she continued to argue that the Court should remand for benefits.

In an Opinion and Order dated February 24, 2020, this Court determined that the record created serious doubt about whether Plaintiff was disabled, and therefore the Court remanded for further administrative proceedings.

## DISCUSSION

"The EAJA provides for the award of attorney's fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds 'that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner acknowledges that Plaintiff was the prevailing party and that the agency's position was not substantially justified, but argues that the Court should not include in the fee award the 6.9 hours that counsel spent on the unsuccessful reply brief. (*See* Def.'s Resp. at 1-2, disputing only the reasonableness of Plaintiff's fee request.)

Courts apply the "lodestar" method to determine a reasonable EAJA fee award. *Costa*, 690 F.3d at 1135. "To calculate the lodestar amount, the [district] court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'"[2] *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In assessing the number of hours reasonably spent on the litigation, district courts must keep in mind that "counsel for the prevailing party should exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." *Id.* (quoting *Hensley*, 461 U.S. at 434).

---

[2] The Commissioner does not challenge the reasonableness of the hourly rates. (Def.'s Resp. at 2.)

PAGE 3 – OPINION AND ORDER

The Commissioner argues that "Plaintiff's request of 6.9 hours for the reply brief is unreasonable" because her "position on the outright award of benefits was unsuccessful," and the hours spent on the reply "did not accomplish an improvement in her position." (Def.'s Resp. at 2.) Judges in this district have consistently reduced EAJA fee awards by the number of hours spent on a reply brief under similar circumstances.

Most recently, in *Hicks v. Saul*, No. 3:18-cv-00185-IM, 2019 WL 4803218, at *1 (D. Or. Oct. 1, 2019), the Commissioner moved to remand for further proceedings, the claimant filed a reply in support of a remand for benefits, and the district court elected to remand for further proceedings. *Id.* In response to the claimant's EAJA fee motion, the Commissioner argued that the 4.85 hours spent on the claimant's reply brief was unreasonable because the claimant's "'position on the outright award of benefits was unsuccessful.'" *Id.* at *2-3 (citation omitted). The Court applied the two-step inquiry explained in *Hensley* to analyze the reasonableness of the fees requested: (1) "the court must first determine whether the claims deemed unsuccessful are related or unrelated to those on which the plaintiff succeeded" and (2) "the second step of *Hensley* requires assessing whether the plaintiff's overall success '"makes the hours reasonably expended a satisfactory basis for making a fee award."'" *Id.* at *3 (quoting *Hensley*, 461 U.S. at 434). The Court held that there were no unrelated, unsuccessful claims to exclude from the fee award, but that "Plaintiff here did not further her position by rejecting Defendant's offer to remand for further proceedings." *Id.* Therefore, the Court found that the time counsel spent on the reply brief was unreasonable, and reduced the fee award accordingly. *Id.*

In so holding, the Court in *Hicks* noted that "[o]ther judges in this district have declined to award attorney's fees for time spent on a reply brief unsuccessfully opposing the Commissioner's request for remand." *Id.* (citing *Carr v. Colvin*, No. 6:13-cv-00521-PK, 2014

PAGE 4 – OPINION AND ORDER

WL 7447739, at *4 (D. Or. Dec. 29, 2014)). In addition to *Hicks* and *Carr*, this Court has also reduced an EAJA fee award where the claimant rejected the Commissioner's offer to remand for further proceedings and instead filed an unsuccessful reply brief seeking an immediate award of benefits. *See Cook v. Berryhill*, No. 3:15-cv-01891-SB, 2017 WL 4800730, at *3 (D. Or. Sept. 6, 2017) (reducing the claimant's fee award "by 10.1 hours . . . , reflecting time spent to prepare the unsuccessful reply brief filed post settlement offer"), *adopted*, 2017 WL 4799797, at *1 (D. Or. Oct. 24, 2017); *see also Kirkland v. Comm'r Soc. Sec. Admin.*, No. 3:17-cv-01729-SI, 2019 WL 1767882, at *3 (D. Or. Apr. 22, 2019) ("Because Plaintiff incurred additional fees in preparing a reply brief that advanced a position that the Court rejected, Plaintiff is not entitled to attorney fees for the reply brief.").

Consistent with the authorities cited above, the Court reduces Plaintiff's fee request by 6.9 hours, the amount of time Plaintiff spent preparing the unsuccessful reply brief after the Commissioner agreed to remand for further proceedings. This amounts to a $1,416.23 reduction (e.g., 6.9 hours multiplied by the 2019 hourly rate of $205.25) from Plaintiff's requested fee award of $6,255.38, for an overall EAJA fee award of $4,839.15.[3]

///

///

---

[3] Plaintiff requests an additional $307.88 in EAJA fees (1.5 hours multiplied by the 2019 hourly rate of $205.25) for preparing the reply in support of her EAJA fee motion. (*See* Pl.'s Mot. Attach. 2, setting forth Plaintiff's initial itemization, which includes the time spent preparing the motion for EAJA fees; Pl.'s Reply at 3, requesting an additional $307.88 in EAJA fees for preparing the reply in support of the motion for EAJA fees and an overall fee award of $6,563.26). Consistent with the holding in *Kirkland* denying the claimant's request under the same circumstances, the Court denies the request for additional fees here because Plaintiff did not succeed on the argument advanced in the reply. *See Kirkland*, 2019 WL 1767882, at *3 ("The Court, however, does not award fees for the time spent in preparing Plaintiff's reply in support of its fee petition because Plaintiff did not succeed on the arguments advanced in the reply brief.").

PAGE 5 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for EAJA fees (ECF No. 26), and AWARDS Plaintiff EAJA fees in the amount of $4,839.15. Attorney fees will be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Plaintiff has no such debt, then the check shall be made out to Plaintiff's attorney and mailed to his office as follows: Merrill Schneider, P.O. Box 14490, Portland, OR 97293. If Plaintiff has a debt, the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorney's office at the address stated above.

**IT IS SO ORDERED.**

DATED this 20th day of July, 2020.

                                                                                        *Stacie F. Beckerman*
                                                                                        ───────────────────────
                                                                                        STACIE F. BECKERMAN
                                                                                        United States Magistrate Judge